IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PERRY A. MARCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-270 |
| | ) | |
| DAVID SEXTON, Warden, | ) | Judge Sharp |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are petitioner Perry March's Motion to Expand the Record (ECF No. 83) and Motion to Amend and Clarify Petition Pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 84). The respondent has filed a response in opposition to both motions. The petitioner has filed a motion for permission to reply to the state's response in opposition to his motions. That motion (ECF No. 93) is hereby **GRANTED**, and the Court has taken consideration of the petitioner's reply briefs. Nonetheless, for the reasons set forth herein, the Court finds that the motion to expand the record and the motion to amend and clarify the petition must both be denied.

**I.      Motion to Expand the Record**

March seeks to expand the record in this habeas case under the authority of Rule 7 of the Rules Governing § 2254 Cases. Specifically, he asks the Court to order the respondent to file with the Court, and provide to him as well, a copy of the audio recording of oral arguments made before the Tennessee Court of Criminal Appeals. March acknowledges that oral argument by counsel does not qualify as substantive evidence in support of the merits of any particular claim, but contends that consideration of the oral argument may be necessary to determine whether a particular issue was raised and thus exhausted in the state court. The respondent argued in response to March's habeas petition that Ground Two is barred by procedural default because March failed to raise the claim as a federal constitutional claim in the state court. March believes his counsel argued during oral argument before the Tennessee Court of Criminal Appeals that the jury instructions to which he objects in Ground Two violated March's federal constitutional right to due process and to a clear and complete jury charge. He argues that, as a result, the claim was fairly presented as a federal claim in the state court, and is properly before this Court

now. He claims he needs a copy of the recording of oral argument in order to rebut the respondent's contention that the claim is procedurally barred.

This Court finds that raising an issue during oral argument alone does not satisfy the exhaustion requirement. Generally speaking, before seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 370 n.1 (1995) (noting that the "purpose of this 'fair presentation' requirement is to 'provide the state courts with a "fair opportunity"' to apply controlling legal principles to the facts bearing upon his constitutional claim.'" (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). "[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citations omitted).

The Court has not located any case precedent specifically addressing the issue of whether raising an issue in oral argument, alone, is sufficient to satisfy the exhaustion requirement, but the Sixth Circuit has held in several unpublished decisions that "[t]he fair presentation requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of the merits unlikely." *Black v. Ashley*, 87 F.3d 1315 (Table), 1996 WL 266521, at *1 (6th Cir. May 17, 1996), *quoted in Woods v. Booker*, 450 F. App'x 480, 489 (6th Cir. 2011). In *Woods*, the court held that an issue presented for the first and only time in a defendant's motion to remand for a new trial, filed after his state appellate brief but before the state appellate court heard oral argument, was not "fairly presented" to the state appellate court because it was not listed in the "questions presented" section of his appellate brief or suggested by such statement, as required by Michigan state procedural rules, and therefore was not exhausted for purposes of habeas review. *Id.* at 488–89.

In Tennessee, an issue that is not raised before the trial court is generally deemed waived on appeal. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991). Moreover, under the Tennessee Rules of Appellate Procedure, the scope of appellate review "extend[s] only to those issues presented for review." Tenn. R. App. P. 13(b). The "issues presented for review" must be included in a party's appellate brief in a separate "statement of the issues presented for review." Tenn. R. App. P. 27(a)(4). In addition, each issue presented for review must be supported in the brief itself by "argument"

and "citations to the authorities . . . relied on." Tenn. R. App. P. 27(a)(7); *see also* Tenn. Ct. Crim. App. R. 10(b) (stating, under the heading "Inadequate Briefs," that "issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."); *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 400—01 (Tenn. Ct. App. 2006) ("The Appellant's Brief should contain an argument setting forth the contentions of the appellant with respect to the issues presented with citations to the authorities and appropriate references to the record. The failure of a party to cite to any authority or to construct an argument regarding his position on appeal constitutes waiver of that issue." (internal quotation marks and citations omitted)).

In this case, March did not frame the claim in question in constitutional terms in the trial court during or after trial, in his motion for judgment of acquittal, in his brief to the Tennessee Court of Criminal Appeals, or in any post-hearing notice of supplemental authority.[1] Because he did not raise the issue in the trial court, even if he had raised it appropriately in the Tennessee Court of Criminal Appeals, it likely would have been deemed waived unless it was a matter of "plain error." *State v. Hatcher*, 310 S.W.3d 788, 808 (Tenn. 2010). Regardless, the fact that March did not present the issue in his appellate brief means, first, that the issue would have been waived on appeal and, more importantly for this Court's purposes, that he did not present the claim to the state court in a "procedurally appropriate manner." *Black*, 1996 WL 266521, at *1.

For these reasons, this Court finds that March's raising a constitutional claim for the first and only time during appellate oral argument before the Tennessee Court of Criminal Appeals, but without including it in a written brief or in a post-hearing notice of supplemental authority, would not provide the state court with a "full and fair opportunity" to rule on the claim, and therefore would not "exhaust" the

---

[1] March also did not frame the issue in terms of a federal constitutional violation in his application for permission to appeal to the Tennessee Supreme Court. Under Tennessee law, a claim is deemed fully exhausted if the issue is presented to the Tennessee Court of Criminal Appeals. A petitioner's failure to include a particular issue in his application for permission to appeal to the Tennessee Supreme Court therefore has no bearing on whether the issue has been fully exhausted for purposes of federal habeas review. *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003); Tenn. S. Ct. R. 39. However, the fact that March's application for permission to appeal reiterated virtually every other issue presented to the Tennessee Court of Criminal Appeals but did not raise the issue in Ground Two as a federal constitutional claim, further substantiates a conclusion that March did not fully and fairly present the issue in the Tennessee Court of Criminal Appeals for exhaustion purposes.

issue for purposes of federal habeas review. Accordingly, expansion of the record to include the audio recording of the oral arguments would be futile, as it would not serve to establish that March effectively exhausted his claims in the state courts.

The motion to expand the record to include the audio tapes of oral argument before the Tennessee Court of Criminal Appeals (ECF No. 83) is therefore **DENIED**.

## II. Motion to Amend and Clarify Petition

March also seeks to amend and clarify the second ground for relief set forth in his petition. A court may grant leave to amend a habeas pleading at any time during the pendency of the proceeding, "when justice so requires." Fed. R. Civ. P. 15(a)(2); 28 U.S.C. § 2242, Fed. R. Civ. P. 81(a)(4); Rule 12, Rules Governing § 2254 Cases. A motion to amend may be denied if the proposed amendment would be futile, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 613 (6th Cir. 2005), or if the complaint, as amended, would not withstand a motion to dismiss. *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980). The decision to grant or deny leave to amend is within the discretion of the district court. *Foman*, 371 U.S. at 182.

Because the claim at issue here is procedurally defaulted, as discussed above and in the Court's Memorandum Opinion addressing the petition itself, the motion to amend and clarify the claim is futile. Accordingly, the motion to amend (ECF No. 84) is **DENIED**.

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge